UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 24-cr-578 (JEB) |
| | ) | |
| MICHAEL SNOW | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF SENTENCING**

Mr. Michael Snow will appear before this Honorable Court for sentencing on May 9, 2025. He pleaded guilty to his only charge - Misdemeanor Destruction of Property - for burning a flag at a protest at Columbus Circle that had a value of approximately $525.00. Because of the sentencing factors that the Court is required to follow under 18 U.S.C. §3553, the defense respectfully requests that the Court sentence Mr. Snow to a sentence of time-served because that sentence is sufficient but no greater than necessary to punish him.

**Introduction**

On December 10, 2024, Mr. Snow was arrested and first brought into Magistrate Court in the Middle District of North Carolina. Twenty-five years old and a literal Eagle Scout, he was arrested for the first time in his life. Mr. Snow sought to plead guilty immediately and counsel reached out to the government within weeks of his arrest. His arraignment before this Court was on January 8, 2025, the government extended its initial plea offer on February 5, 2025 and Mr. Snow pleaded guilty on the next court date on February 11, 2025. He did so despite

the fact that he was only charged with a misdemeanor and thus pleaded guilty to the only count for which he was charged.

Since the incident, Mr. Snow, now 25, has been perfect on pretrial release. He ceased using marijuana to comply with his release conditions. He has continued to work full time as a lead coordinator for LB&B Associates, a company which does retail and warehousing operations for companies like Amazon. He has shown profound remorse for his actions and, while he does not regret expressing his political beliefs, he knows that he crossed the line into criminal conduct by destroying property that did not belong to him.

I. **The Appropriate Guideline Range is 0 to 6 months**

The parties agree that Mr. Snow's guideline range is 0 to 6 months. With the zero-point offender adjustment, his offense level is 2. His criminal history category is 0.

II. **Under the 3553 Factors, the Appropriate Sentence is time-served months with no supervised release.**

**A. The History and Characteristics of Mr. Snow**

Mr. Snow is a twenty-five year old man with no criminal record. He graduated with a dual degree in biology and political science from East Carolina university in December 2022. He has steadily been employed since he was permitted to work when he was about sixteen years old.

Mr. Snow is not alone in feeling empathy towards the people of Palestine, particularly the civilians and children who have suffered because of the Israeli government's actions in prosecuting the war. For him, burning the flag was a

symbolic gesture against the American government.  He respects the flag and cherishes the values for which it represents – he was and remains an Eagle Scout who built raised garden beds for a brain rehabilitation center for his Eagle Scout project – beds that still remain used today.  But just as he recognizes the symbolic value of his actions, he also recognizes the criminality of destroying property that did not belong to him.  He therefore pleaded guilty as quickly as he possibly could.

It is also important to note what Mr. Snow did not do.  He did not engage in any physical conflicts with police officers or threaten or scream in their faces.  He did not spray paint or cause other more forms of damage to government monuments.  And though he burned the flag, he did not bring the lighter fluid with him.

In reality, Mr. Snow is a wholesome and law-abiding individual who is an avid fan of the Durham Bulls in his spare time.  He joined a volunteer organization that worked (unsuccessfully) to unionize low-level Amazon employees.  Through those efforts, which mostly involved handing out newsletters, he demonstrated he can express himself in a law-abiding manner.

Though Mr. Snow is not a teenager, it is still relevant, particularly in a case involving spontaneous conduct, that the Supreme Court has recognized developments in psychology and brain science showing the brain is not fully developed until their 25th year. A underdeveloped brain, particularly in juveniles, manifests in a (1) "lack of maturity and underdeveloped sense of responsibility, leading to recklessness, impulsivity, and heedless risk-taking"; (2) "are more

vulnerable to negative influences and outside pressures, including from their family and peers," "have limited control over their own environment and lack the ability to extricate themselves from horrific, crime-producing settings"; and (3) possess character traits that are "less fixed" than those of an adult. *Miller v. Alabama*, 567 U.S. 460, 471 (2012) (quotation marks and citations omitted). As a result, the Court has concluded that juveniles "have diminished culpability and greater prospects for reform." *Id.*; *see also Roper v. Simmons*, 543 U.S. 551, 569-70 (2005). These are characteristics that surfaced during the Gaza protest, especially with the influence is crowds of individuals. Mr. Snow certainly decided in advance that he wanted to protest what was happening in Gaza and she most definitely had empathy, particularly towards the children who were suffering. But he did not intend to destroy property that did not belong to him when he came to the District that day.

It is arbitrary to draw a cutoff at one's teenaged years and assume a person's sense of responsibility switches on at a particular birth date. Research shows that "psychosocial capabilities that improve decision making and regulate risk taking—such as impulse control, emotion regulation, delay of gratification, and resistance to peer influence—continue to mature well into young adulthood." James C. Howell et al., *Bulletin 5: Young Offenders & an Effective Response in the Juvenile & Adult Systems: What Happens, What Should Happen, & What We Need to Know*, Doc. No. 242935, at 17, Papers From the Study Group on Transitions From Juvenile Delinquency to Adult Crime, Nat'l Inst. Of Just., U.S. Dep't Of Just. (July 2013) (unpublished) (citation omitted). Thus, "[y]oung adults simply do not have the

physiological capacity of adults over age 25 to exercise judgment or control impulses," *id.* at 18, and it is "difficult to justify applying permanent or long-term sanctions to young offenders," including young adults in their early twenties, Carrie Mulford, *Explanations for Offending*, Nat'l Inst. Of Just., U.S. Dep't Of Just., 2 (May 2014).

### B. The Nature and Circumstances of the Offense

This offense, in particular as it relates to Mr. Snow, can best be described as political protest gone awry. On that day, Prime Minister Benjamin Netanyahu gave a joint address to the U.S. Congress drawing thousands of protestors. Many congressmen boycotted the address and many of the protestors rallied in support of such action. https://www.usnews.com/news/politics/articles/2024-07-24/netanyahu-visit-sparks-wave-of-protests-in-dc-with-all-sides-criticizing-the-israeli-pm.

### C. **The Need for the Sentence Imposed**

18 U.S.C. § 3553(a) directs the Court to consider four objectives of federal sentencing to impose a sentence that is "sufficient, but not greater than necessary" to achieve those goals. The first purpose is to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Mr. Snow accepted responsibility for his actions and has been compliant on supervision. He pleaded guilty early, in fact as soon as he possibly could. His letter to the Court demonstrates his remorse and contrition.

### D. A Time-Served Sentence is Not an Unwarranted Sentencing Disparity and no additional deterrence is necessary.

A time-served sentence is appropriate here. Mr. Snow committed a property offense during a political protest. The publicity surrounding the arrests around the Gaza protests were then, as now, most notably for the politicization of their prosecutions in comparison to the January 6th riots at the U.S. Capitol. See e.g. Swanson, Ali, *Trump's comparison of student protests to Jan. 6 is part of effort to downplay Capitol attack*, May 1, 2024, https://apnews.com/article/trump-columbia-student-protests-jan-6-9b1a2849daf18a4362f5ee91a9bf2057. The Gaza protests were generally peaceful, however. Still, it is impossible to ignore, that as far as general deterrence goes, that nearly 4000 people who were engaged in all forms of political protest ranging from destruction of property to sedition have recently been pardoned. Some of those individuals evaded punishment entirely. It is historically unclear what message the executive and thus the courts are sending to the public regarding general deterrence of crimes committed during political protests. Whatever that message may be, any sentence is likely to create an unwarranted sentencing disparity within the context of the January 6th pardons.

Mr. Snow falls within a guideline range of 0 to 6 months, which permits any sentence that the Court would feel appropriate. The government has not articulated any reason why further supervision of Mr. Snow is appropriate or necessary. His actions in this case were impulsive and in the moment. His poor choices arose out of spontaneity and passion, not out of criminality or malice. They are not the type of choices where a different sentence would deter him. Beyond

that, Mr. Snow's sincere regret about his misguided choice in the moment is evidenced by all of his actions since.

## Conclusion

A sentence of time served is appropriate in this case. Mr. Snow has no criminal record and has demonstrated through his compliance that he is not in need of further rehabilitation.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500